FILED & JUDGMENT ENTERED
Steven T. Salata

May 23 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 17-30642 |
| John David Christensen, ) | |
| Lynette Marie Christensen, ) | Chapter 13 |
| ) | |
| Debtors ) | ORDER |
| ) | -Authorizing Sale of Residential Realty |
| ) | -Allowing Debtors' Exemption Claim |
| ) | -Authorizing Disbursement of |
| ) | Proceeds of Sale |
| ) | -Shutting-Down Secured Mortgage |
| ) | Claim of BSI Financial Services |
| ) | -Providing Post-Closing Instructions |
| ) | to Closing Attorney |
| ) | -Setting Status Review |
| ) | -Awarding Non-Base Fees |

THIS CAUSE coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, Charlotte Division, pursuant to the Motion of Debtors (Court Docket Document #69) seeking authority to sell their residential realty, a house and lot located at 326 Pine Avenue, Cherryville, North Carolina (Debtor's Motion referenced Debtor's address at one point as 216 Pine Avenue; however, that reference was the result of error only); and

IT APPEARING that a Response to Debtors' Motion was filed by the Standing Trustee, who didn't object to the relief requested in Debtors' Motion, but requested that any Order granting the Motion (a) authorize the Trustee to close all outstanding mortgage and real property related claims currently being provided for by the Plan; and (b) provide that the Trustee receive a copy of the settlement statement within 5 days of closing, (c) set a status hearing following the closing; and (d) the closing attorney send all net proceeds above the Debtors' claims exemption directly to the Trustee; and

   IT FURTHER APPEARING that a Response to Debtors' Motion was also filed by BSI Financial Services requesting that any Order granting the Motion provide that BSI's claim be paid in full at closing according to the terms of the Note and Deed of Trust; and

   IT FURTHER APPEARING that the matter came on for hearing after case-wide notice, and that upon the call of the case, the Debtor appeared by and through their attorney of record, Geoffrey A. Planer, the Standing Trustee appeared pro se, but no party in interest appeared in opposition to Debtor's Motion; and

   IT FURTHER APPEARING that good cause exists for granting the various components of Debtor's Motion, such good cause being that as set-forth in Debtor's Motion; and the Court does hereby grant such Motion upon the terms and conditions set-forth in the decretal portion of this Order; and

   IT FURTHER APPEARING that Geoffrey A. Planer, attorney for the Debtors, has performed valuable legal services to Debtors respecting the preparation and prosecution of Debtors' Motion. Such attorney is therefore entitled to a non-base fee of $450.00 plus reimbursement of postage and copy costs of $66.00, a total of $516.00 to be paid at out of the closing proceeds at closing.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Offer to Purchase and Contract (Exhibit A attached to Debtors' Motion) for the sale by Debtors of their residential realty located at 326 Pine Avenue, Cherryville, North Carolina, is approved.

2. The closing attorney is ordered to pay-off the mortgage balance on the subject property owed to BSI in full at closing according to the terms of the Note dated January 25, 2006, secured by a Deed of Trust on Debtors' property; to pay also from gross sales proceeds the ordinary and customary seller's expenses, including document preparation, revenue stamps, past and present (pro-rated) ad valorem taxes.

3. Geoffrey A. Planer, attorney for Debtors, is awarded a non-base fee of $450.00 plus reimbursement of copy and postage costs of $66.00, a total of $516.00, such sum to also be paid at closing by the closing attorney/agent.

4. Debtors shall be paid their exemption allowance up to $60,000.00 from any then-remaining sales proceeds, such payment to be made also at closing by the closing attorney.

5. All then-remaining proceeds, if any, shall be disbursed at closing to the Standing Trustee, Warren L. Tadlock, 5970 Fairview Road, Suite 650, Charlotte, NC 28210; and regardless of whether there exists any funds for distribution at closing to the Trustee, the closing attorney nevertheless shall provide to the Standing Trustee within 5 days of closing, a true photocopy of the closing and settlement statement detailing all receipts and disbursements related to the real estate sales transaction.

6. The Standing Trustee is ordered to shut-down the secured mortgage claim of BSI Financial Services.

7. A Status Hearing shall be held on June 11, 2019 at 2:00 p.m. at the Charles R. Jonas Federal Courthouse, 401 W. Trade Street, Courtroom #1-5, Charlotte, North Carolina.

This Order has been signed electronically.                United States Bankruptcy Court
The judge's signature and court's seal
Appear at the top of the Order.